INZER, Justice
(dissenting):
With due deference I must dissent for the reason that the majority opinion clearly reflects that in deciding this case, this Court has departed from the long established rule that the verdict of the jury in this case resolved all conflicts of the evidence in favor of Currie and from the rule that in deciding whethér appellants were entitled to a directed verdict, we must view *455 the evidence in the light most favorable to the party in whose favor the jury decided and assume that the jury drew every permissible inference in his favor.
At the outset it should be pointed out that we are not concerned in this case to what happened in the other two cases growing out of this accident that came to this Court. The records in those cases are not a part of the record in this case and should have no bearing on our decision. We are concerned here with the review of the record made in the trial court in this case. However, if we are to consider the other two cases, we should also consider the fact that counsel for appellants earnestly contended in the prior case of Price v. Hearin-Miller Transporters, Inc. and W. F. Mann, 220 So.2d 813 (Miss.1969), that the evidence there made a jury issue.
Appellee, Boh Lee Currie, was riding as a passenger in an automobile driven by Everett Wayne Price. They were returning to Utica from Vicksburg. Currie was in the backseat and was asleep at the time of the accident. He was severely injured in the accident and was unconscious until the following day. As a result of the accident, he lost his left eye. His right eye had always been defective and as a result of the accident is now practically blind.
The majority opinion makes the bold assertion that the testimony of W. F. Mann, the only living eyewitness to the accident, is uncontradicted. With this statement, I am unable to agree. There was evidence in this record from which the jury could find that Mann was operating the vehicle in excess of the speed limit and that the accident did not occur wholly in his lane of traffic. The jury was not required to find that the negligence of Mann was the sole proximate cause of the accident, it was only required to find that he was guilty of some negligence that caused or contributed to Currie’s injuries. Any negligence of the driver of the vehicle in which Currie was riding cannot be attributed to him.
The witness McGuffee, whose testimony we must take as true, testified that he and Maurice Little arrived at the scene of the accident shortly after it happened. As they approached the scene of the accident they saw the truck diagonally across the road. They pulled around the truck and stopped. They asked Mann what happened, and he replied, “I don’t know. We had an accident.” Later when he told Mann that two of the boys were dead, Mann said, “I’m sorry. What can I tell their mother?” McGuffee later heard Mann say to Wayne Price’s brother, “I am sorry. Sorry. I didn’t mean to do it.” While these statements by Mann are not necessarily an admission of negligence, the jury had a right to consider them in passing on Mann’s version of how the accident happened. He also heard Mann tell the patrolman who was investigating the accident and talking with Mann about how fast he was going, “I was cutting around 55.” McGuffee testified that he examined the hole cut out in the asphalt referred to as Point I in the majority opinion and which was in the driver of the car’s lane of traffic, and this hole had debris, chrome and other matters scattered around it. He also noted skid marks in the opposite lane of traffic, which he pointed out in one of the photographs in evidence. He said he discussed with Patrolman Dillon that this place was probably the point of impact. The testimony of Maurice Little was to the same effect relative to the statements made by Mann, and he also observed the gouged out place testified to by McGuffee and saw the skid marks made by dual wheels in the opposite lane of traffic. In addition to this testimony, the jury had the benefit of the photographs taken at the scene of the accident, from which they could determine for themselves in the light of all the testimony in which lane of traffic the point of impact occurred. The jury could also consider the admission of Mann that his vehicle did cross over the center line of the highway. Mann contended that his vehicle did not cross over the center line until after the impact, but it was probably as diffi *456 cult for the jury as it is for me, to understand how he was knocked to the floorboard by the force of the impact and was able to pull his vehicle to the left and then back to the right while still in that position.
It was in the light of these facts that the trial judge submitted the issues involved in this case to the jury, and in my opinion, he was correct in doing so. It is sometimes difficult for us when we think a jury has reached the wrong decision to refrain from retrying the case in this Court. In my opinion, that is what has happened in this case. It may well be that the verdict of the jury is against the overwhelming weight of the evidence, but there is a vast difference between a finding that the verdict is against the overwhelming weight of the evidence and that there was not sufficient evidence to make a jury issue. The least appellee is entitled to in this case is to let another jury pass upon the facts of the case.
PATTERSON, J., joins in this dissent.